Filed 9/8/21  P. v. Martinez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LUIS MARTINEZ,<br><br>    Defendant and Appellant. | G059624<br><br>(Super. Ct. No. 04CF1271)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant; Luis Martinez, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*    \*    \*

Defendant Luis Martinez appeals from the trial court's denial of his petition for resentencing filed pursuant to Penal Code section 1170.95.[1] That petition was denied on September 9, 2020.

We appointed counsel to represent Martinez on appeal. After conducting his analysis of potential appellate issues, counsel has informed us in his declaration that he has reviewed the appellate record, and consulted with a staff attorney at Appellate Defenders, Inc. Counsel then filed a brief pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. While not arguing against his client, counsel set forth the facts of the case and advised us he was unable to find an issue to argue on defendant's behalf. Counsel then advised Martinez of his right to file a written argument on his own behalf. Martinez filed a statement with this court on June 11, 2021, which he captioned "The Day I Committed My Life Crime."

## FACTS

The relevant facts related to this appeal can be summarily set forth. In 2004, the Orange County District Attorney filed an Information alleging that Martinez and two other individuals committed murder (count 1; § 187, subd. (a)) and street terrorism (count 2; § 186.22, subd. (a)). It was further alleged that the murder was gang related (§ 186.22, subd. (b)), and that each of the defendants was a gang member who vicariously discharged a firearm which resulted in the death of the victim (§ 12022.53, subds. (d) & (e)(1)). Counsel was appointed to represent Martinez; he then entered pleas of not guilty to each of the charges, and he denied the special allegations.

Martinez went to trial; mid-trial he elected to change his plea. On May 26, 2005, he pleaded guilty to first degree murder. In exchange, the district attorney agreed to dismiss count 2 and to strike the enhancements.

---

[1] All further statutory references are to the Penal Code.

At the time Martinez changed his plea, he personally executed under penalty of perjury the standard *Tahl*[2] form which contained a factual basis for his guilty plea which said this: "On 4/18/04 in Orange County I willfully & unlawfully with premeditation & deliberation did kill Armando Chavez with malice aforethought." The trial court accepted the guilty plea and thereafter sentenced Martinez to 25 years to life in state prison.

In 2020, relying on Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) and section 1170.95, retained counsel filed a "PETITION TO VACATE MURDER CONVICTION AND/OR RE-SENTENCING" on Martinez's behalf (all caps in original). The petition mirrored the relevant language in section 1170.95 and concluded Martinez was entitled to relief. Among other things, counsel argued Martinez "was not the actual killer." The district attorney filed a response to the petition, arguing "that Petitioner fails to meet his prima facie burdens because he is, indisputably, the actual killer, and therefore ineligible as a matter of law."

In September of 2020, the trial court denied the petition without a hearing in a minute order that included this reference: "'The court shall review the petition and determine if the petitioner has made a prima facie case showing that the petitioner falls within the provisions of this section.' (Pen. Code, Section 1170.95 (c).)"

## DISCUSSION

We have examined the entire record in this case and, like counsel, we cannot find an arguable issue on appeal.

In *People v. Gentile* (2020) 10 Cal.5th 830 (*Gentile*), the Supreme Court discussed the statutory scheme created by Senate Bill 1437, which resulted in the creation of section 1170.95.

---

[2]     *In re Tahl* (1969) 1 Cal.3d 122.

3

"Senate Bill 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)

To further that purpose, Senate Bill 1437 added three separate provisions to the Penal Code. First, to amend the felony-murder rule, Senate Bill 1437 added section 189, subdivision (e): 'A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2' . . . (§ 189, subd. (a).)

Second, to amend the natural and probable consequences doctrine, Senate Bill 1437 added section 188, subdivision (a)(3) (section 188(a)(3)): 'Except [for felony-murder liability] as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime.'

Third, Senate Bill 1437 added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief under the two ameliorative provisions here." (*Gentile, supra*, 10 Cal.5th at pp. 842-843.)

Pursuant to the procedures created by section 1170.95, the trial court is authorized to conduct an initial prima facie review of the record of conviction to determine whether a petitioner is eligible for relief. (*People v. Verdugo* (2020)

4

44 Cal.App.5th 320, 329-330, review granted Mar. 18, 2020, S260493.) This appears to be the procedure employed by the court here. A prima facie showing of eligibility for relief is established if the petitioner demonstrates the presence of sufficient evidence which, if believed, would entitle him to relief. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 977.)

When the trial court performed its prima facie review in this case, it must have almost immediately become apparent that Martinez faced several significant hurdles. First, when he entered his guilty plea, as noted above, Martinez admitted under penalty of perjury that he was the actual killer. That fact on its face disqualified him from receiving the relief he sought.

Compounding his problem was the fact that, when he entered his guilty plea, Martinez admitted that he "willfully & unlawfully with premeditation & deliberation did kill Armando Chavez with malice aforethought." In other words, Martinez confirmed for the court that his murder conviction was not based on one of the theories proscribed by section 1170.95. Rather, it was a classic case of first degree murder involving express malice aforethought, premeditation and deliberation. As a result, the trial court correctly concluded Martinez was ineligible for relief.

As Martinez acknowledged in the motion for reconsideration he filed in the trial court, "if the court is presented with *indisputable facts of ineligibility from the record of conviction*, the petitioner would not be entitled to relief." (Boldface in original omitted). So it is here. Since Martinez was not convicted of murder under either a felony murder or natural and probable consequences theory, he is ineligible for relief pursuant to section 1170.95.

After conducting our de novo review of the entire record, we can find no other arguable issue which might benefit Martinez. We acknowledge receiving and reviewing the apparently heartfelt statement he filed with this court. But it fails to

5

undermine his own prior sworn admission, or to raise any issue that might entitle him to the relief he seeks in his petition.

## DISPOSITION

The judgment is affirmed.


GOETHALS, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


FYBEL, J.

6